IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN BECK AMAZING PROFITS, LLC | |
| Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:09-cv-000151-TJW-CE |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL REQUESTED |
| GOOGLE INC. AND AOL LLC | |
| Defendants. | |

**DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Google Inc. ("Google" or "Defendant") files this Answer, Affirmative Defenses and Counterclaim to Class Action Complaint (the "Complaint") of Plaintiff John Beck Amazing Profits, LLC ("Plaintiff"). Defendant denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.[1]

## PARTIES

1.     Plaintiff and Class Representative:

   a.     Plaintiff John Beck Amazing Profits, LLC ("Beck") is a California limited liability company with its principal place of business at 5805 Sepulveda Blvd., 5th Floor, Van Nuys, California 91411.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.a., and therefore denies the same.

   b.     John Beck created his real estate investment system in the 1990's. The John Beck System is an educational television programming and mentoring service that sells a proven money-making system that will teach consumers how to earn substantial amounts of money by purchasing

---

[1] The following answers are numbered identically to the corresponding paragraphs of Plaintiff's Complaint.

Defendant Google Inc.'s Answer, Affirmative Defenses and Counterclaim to Plaintiff's Class Action Complaint – Page 1

homes and properties at government tax sales in their area and then turn around and sell or rent those homes and/or properties for a profit.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.b., and therefore denies the same.

    c.    Hundreds of thousands of consumers have purchased John Beck's educational materials, attended his seminars or participated in his coaching programs.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.c., and therefore denies the same.

    d.    Beck owns the registered trademark "John Beck's" (the "Beck Mark").

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.d., and therefore denies the same.

    e.    Beck sells the Beck Products and Services under the Beck Mark.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.e., and therefore denies the same.

    f.    The Beck Mark is unique and distinctive and, as such, designates a single source of origin.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.f., and therefore denies the same.

    g.    Beck's main Internet website using the Beck Mark and featuring information on many of the products and services of Beck can be accessed via the domain name www.johnbecksamazingprofits.com, www.johnbeckclub.com, www.johnbeckpropertyvault.com, www.johnbeck.tv; www.johnbeckssuccessstories.com; and www.johnbeckseminar.com.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1.g., and therefore denies the same.

    h.    The Beck Mark is a valid and enforceable trademark. Beck owns the following United States trademark registration for the Beck Mark:

> Trademark: John Beck's;
> Registration No. 3,192,862
> International Class 9: CD's featuring information about real estate and real
>     estate investing.
> Date of First Use in Commerce: January 31, 2004
> International Class 16: Books and pamphlets in the field of real estate and
>     real estate investing.
> Date of First Use in Commerce: September 30, 1999
> Registration Date: January 2, 2007

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 1.h., and therefore denies the same.

    i.    Plaintiff Beck has been injured in its business and property as a direct and proximate result of the violations set forth herein. The injury and damage suffered is economic and non-economic in nature and includes, but is not limited to: diversion of business; confusion; loss of revenue; loss of goodwill, and other such related injury and damage

**RESPONSE:** Denied.

    2.    The Putative Class Members

    a.    Plaintiff brings this action on its individual behalf and as Class Representative on behalf of a class (the "Class") consisting of the following:

    Any and all individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, and agents) domiciled in the United States that own a mark that has been registered with the United States Patent and Trademark Office ("USPTO") that has been sold by defendant Google as a keyword and/or an Adword during the period May 14, 2005 through the present.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 2.a., and therefore denies the same.

    b.    Each member of the Class owns certain registered United States trademarks (collectively the "Class Marks").

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.b., and therefore denies the same.

> c. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or are a parent or subsidiary of, or any entity that is controlled by Defendants and any of its officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.c., and therefore denies the same.

> d. The Class Period is May 14, 2005, through the date of filing of this Complaint (the "Class Period").

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.d., and therefore denies the same.

> e. There are thousands of geographically dispersed putative members of the Class within the United States. Accordingly, the Class is so numerous that joinder of all members is impracticable.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.e., and therefore denies the same.

> f. The Class is ascertainable, as the names and addresses of all Class Members can be identified in business records maintained by Defendants and the United States Patent and Trademark Office.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.f., and therefore denies the same.

> g. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

**RESPONSE:** Denied.

> h. Plaintiff will fairly and adequately protect the interests of the Class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of other Class Members.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.h., and therefore denies the same.

        i.     Plaintiff is represented by counsel experienced and competent in the prosecution of complex class action litigation.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2.i., and therefore denies the same.

        j.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. Such common questions include, but are not limited to, the following:

        i.     Whether one or more of the Defendants' actions as alleged herein violate the Lanham Act, *15 U.S.C. § 1051* et seq.;

        ii.     Whether one or more of the Defendants' actions, as alleged herein, constitute trademark infringement under *15 U.S.C. § 1114(1)*;

        iii.     Whether one or more of the Defendants' actions, as alleged herein, constitute false designation of origin or unfair competition under *15 U.S.C. § 1125(a)*;

        iv.     Whether one or more of the Defendants' actions, as alleged herein, constitute contributory or vicarious trademark infringement, false designation of origin, or unfair competition under *15 U.S.C. §§ 1114 (1) or 1125(a)*;

        v.     Whether any of the Defendants' actions are continuing in nature;

        vi.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief to rectify the alleged violations of law and, if so, what is the appropriate nature of the equitable and injunctive relief to which Plaintiff and the Class may be entitled;

        vii.     Whether any of the Defendants' conduct is willful and/or intentional;

        viii.     Whether the conduct of any of the Defendants, as alleged in this Complaint, caused damages to the Plaintiff or to the other members of the Class;

        ix.     Whether the Defendants should be ordered to disgorge the profits derived from their conduct; and

x.  The appropriate measure of damages sustained by Plaintiff and other members of the Class.

**RESPONSE:** Denied.

k.  Plaintiff's claims are typical of the claims of the Class Members because they originate from the same illegal policy and practices of Defendants, and because Defendants have acted in the same way toward Plaintiff and the Class.

**RESPONSE:** Denied.

l.  Defendants' operations are Internet-based/automated and technology-based. Defendants' actions toward the Class are identical or substantially similar, and arise out of a uniform policy and common course of illegal conduct, because Defendants effectuate the Deceptive Trademark Practice, as defined herein below, and all of the actions alleged herein, through the implementation of a uniform policy using a common, systemic, uniform, electronic and largely automated process that causes injury and damage to Plaintiff and the Class in a common and consistent manner.

**RESPONSE:** Denied.

m.  Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action, has retained counsel competent and experienced in class litigation, and has no interests antagonistic to or in conflict with those of the Class. As such, Plaintiff is an adequate Class Representative.

**RESPONSE:** Denied.

n.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will permit a large number of similarly situated persons to prosecute their claims in a single forum simultaneously and without unnecessary duplication and effort that would result from numerous individual actions.

**RESPONSE:** Denied.

o.  Individual litigation of the facts of thousands of cases would unduly burden the courts. Individual litigation would further present a potential for inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system. Further, the expense and burden of individual litigation make it impossible for Class Members to individually redress the wrongs alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of single adjudication under the comprehensive supervision of a single court.

Notice of pendency of the action and any resolution thereof can be provided to proposed class members by publication and/or other means.

**RESPONSE:** Denied.

    p.      This action is maintainable as a class action under Rule 23(b)(2) since the unlawful actions of Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**RESPONSE:** Denied.

    q.      This action is also maintainable as a class action under Rule 23(b)(3), as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**RESPONSE:** Denied.

    r.      All allegations and claims are plead in the alternative to the extent required for proper construction under applicable state or federal law.

**RESPONSE:** Paragraph 2.r. states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph as they relate to Google. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.r. as they relate to the other defendant, and on that basis denies them.

    3.      The Plaintiff and the Class Members have registered trademarks and trade names (the "Class Marks").

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3, and therefore denies the same.

    4.      On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043. This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

**RESPONSE:** Defendant denies the allegations in the second sentence of paragraph 4.

Defendant admits the remaining allegations of paragraph 4.

5.     On information and belief, Defendant AOL, LLC ("AOL") is a Delaware corporation. AOL is a wholly owned and controlled subsidiary of Time Warner, Inc. with its principal place of business at 770 Broadway 4th Floor, New York, New York, 10003. This Defendant has appointed Corporation Service Company - Lawyers Incorporating Service, 10 Universal City Plaza, University City, California 91608 as its agent for service of process.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 5, and therefore denies the same.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this action. This Complaint is brought against Defendants under the Lanham Act, *15 U.S.C. § 1051 et seq.*; trademark infringement under *15 U.S.C. § 1114(1)*; false designation of origin and unfair competition under *15 U.S.C. § 1125(a)*, to recover treble damages and the costs of this suit, including reasonable attorney's fees, for injunctive and equitable relief, and for the damages sustained by Plaintiff and the Class Members by reason of Defendants' violations of federal law as more fully set forth hereunder.

**RESPONSE:** Defendant admits that this Court has federal question jurisdiction over the claims

Plaintiff asserts.  The second sentence of paragraph 6 states a legal conclusion to which no

response is required. To the extent that a response is required to such allegations, Defendant

denies all allegations of this paragraph as they relate to Google.  Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations contained in paragraph 6

as they relate to the other defendant, and on that basis denies them.

7.     This Court has jurisdiction over this action pursuant to *28 U.S.C. §§ 1331, 1337*, and *1338*, and other applicable federal statutes.

**RESPONSE:** Defendant admits that this Court has subject matter jurisdiction over this action

under 28 U.S.C. §§ 1331, 1337 and 1338, but denies Plaintiff's allegation as to other unnamed

federal statutes.

8.     This Court has *in personam* jurisdiction over each of the Defendants, as each was engaged in federal trademark infringements that were directed at and/or caused damages to

persons and entities residing in, located in, or doing business throughout the United States, including the Eastern District of Texas.

**RESPONSE:** Defendant does not contest personal jurisdiction for purposes of this case only, but denies that such personal jurisdiction is proper here. Defendant denies the remaining allegations of paragraph 8 as they relate to Google. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph as they relate to the other defendant, and on that basis denies them.

9. Venue is proper in this judicial district pursuant to *15 U.S.C. § 22* , and *28 U.S.C. § 1391(b)* and *(c)* because, during the Class Period, Defendants resided, transacted business, were found, or had agents in this district, because a substantial number of Class Members reside in Texas, and because a substantial part of the events giving rise to Plaintiff's and the Class Members' claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in the Eastern District of Texas.

**RESPONSE:** Denied. Defendant reserves its right to move to dismiss this action and/or to transfer this action to a more convenient forum.

10. No other forum would be more convenient for the parties and witnesses to litigate this action.

**RESPONSE:** Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph as they relate to Google. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 as they relate to the other defendant, and on that basis denies them.

11. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**RESPONSE:** Defendant does not contest personal jurisdiction for purposes of this case only but denies that it is subject to the personal jurisdiction of this Court. Defendant denies any remaining allegations contained in paragraph 11.

## SUMMARY OF THE CLASS ACTION

12. Defendant Google operates for its own profit an Internet search engine which is claimed by Defendant Google to be the most popular method Internet Users employ to obtain information and shop for goods and services on the Internet.

**RESPONSE:** Defendant admits that it operates an Internet search engine that users can use to find information on the Internet, and denies the remaining allegations in paragraph 12.

13. Defendant AOL utilizes the Google search engine and the Google AdWords advertising service within its proprietary website.

**RESPONSE:** Admitted.

14. Upon information and belief, through its Google AdWords advertising service, Defendant Google sells search terms, including registered trademarks (including the Beck Mark and the Class Marks) to advertisers who are not affiliated with, sponsored by, or authorized by the trademark owners. It is Google's policy and practice to display the advertisements of those who buy the keywords on the top or right side of the first page of results when an Internet User uses the Google search engine to search for the trademark as a search term. It is Google's policy that it will sell any trademark to any advertiser, regardless of whether the advertiser is affiliated with, sponsored by, or authorized by the trademark owner. Further, it is Google's policy that it will not remove or disable any link to any advertisement, even after receiving actual notice that the advertisement is infringing a registered trademark, unless the advertisement actually uses the trademark in the text of the ad. If the trademark does not appear in the text of the ad, Google's policy is that it will not remove or disable any link, even after receiving actual notice of infringement. Google's policy and practice of selling registered trademarks as keywords and/or adwords to competitors of the trademark holders shall be referred to herein as the "Deceptive Trademark Practice."

**RESPONSE:** Defendant admits that Google's AdWords program allows advertisers to select words or phrases that they want to "trigger" their advertisements, and that advertisements placed through the AdWords program are plainly labeled as "Sponsored Links." Defendant admits that Defendant displays such Sponsored Links above or alongside natural search results. Defendant admits that its policies regarding trademarks can be located at

http://adwords.google.com/support/bin/topic.py?topic=10615. Defendant denies the remaining

allegations in paragraph 14.

15. Google's policy states: "When we receive a complaint from a trademark owner, *we will only investigate whether the advertisements at issue are using terms corresponding to the trademarked term in the advertisement's content*. If they are, we will require the advertiser to remove the trademarked term from the content of the ad and prevent the advertiser from using the trademarked term in ad content in the future. **Please note that we will not disable keywords in response to a trademark complaint.**"

**RESPONSE:** Defendant admits that its policies regarding trademarks can be located at

http://adwords.google.com/support/bin/topic.py?topic=10615. Defendant denies the remaining

allegations in paragraph 15.

16. Defendant Google has improperly infringed upon the Beck Mark by selling, for example, Beck's trademark "John Beck's" to Beck's competitors as a keyword so that when an Internet User searches for "John Beck's" on Defendant Google's Internet search engine, the competitor's advertisement hyperlink will appear at the very top of and/or on the right side of the first page of the search results. This enables Google and Beck's competitors to use the "John Beck's" trademark to place their advertising hyperlinks in front of consumers who specifically search for Beck, thereby confusing Internet Users and diverting a percentage of such Users from Beck and enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with Beck's valuable trademark. An example of Google's improper use of the Beck Mark is set forth below:

QuickTime™ and a
TIFF (Uncompressed) decompressor
are needed to see this picture.

**RESPONSE:** Denied.

17. Defendant AOL has improperly infringed upon the Beck Mark by selling, for example, Beck's trademark "John Beck's" to Beck's competitors as a keyword so that when an Internet User searches for "John Beck's" on Defendant Google's Internet search engine which is available on the AOL website, the competitor's advertisement hyperlink will appear at the very top of and/or on the right side of the first page of the search results. This enables AOL, Google and Beck's competitors to use the "John Beck" trademark to place their advertising hyperlinks in front of consumers who specifically search for Beck, thereby confusing Internet Users and diverting a percentage of such Users from Beck and enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with Beck's valuable trademark. An example of AOL's improper use of the "John Beck's" trademark is set forth below:

QuickTime™ and a
TIFF (Uncompressed) decompressor
are needed to see this picture.

**RESPONSE:** Denied.

18. Defendants have improperly infringed upon the Class Members' respective Class Marks by selling, for example, Class Marks to the respective Class Members' competitors as keywords so that when an Internet User searches for a particular Class Mark on Defendant Google's Internet search engine at one of Defendants' websites, the competitor's advertisement hyperlink will appear at the very top of and/or on the right side of the first page of the search results. This enables Defendants and the respective Class Members' competitors to use a particular Class Mark to place their advertising hyperlinks in front of consumers who specifically search for the particular Class Member, thereby confusing Users and diverting a percentage of such Internet Users from such Class Member and enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with Class Member's valuable trademark.

**RESPONSE:** Denied.

19. Defendants have improperly infringed upon the Class Members' respective Class Marks by making available the Google search engine on their respective websites and thus benefiting from Google's selling, for example, Class Marks to the respective Class Members' competitors as keywords so that when an Internet User searches for a particular Class Mark on Defendant Google's Internet search engine at one of Defendants' websites, the competitor's advertisement hyperlink will appear at the very top of and/or on the right side of the first page of the search results. This enables Defendants and the respective Class Members' competitors to use a particular Class Mark to place their advertising hyperlinks in front of consumers who specifically search for the particular Class Member, thereby confusing Users and diverting a percentage of such Internet Users from such Class Member and enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with Class Member's valuable trademark.

**RESPONSE:** Denied.

20. Defendants profit financially from infringing upon Plaintiff's and each Class Member's protected trademarks and assisting and encouraging third parties to do so as well. Moreover, upon information and belief, Defendants further profit financially from infringing upon Plaintiff's and each Class Member's protected marks by collecting fees from the advertiser for each "click-through". Thus, Defendants profit from the initial interest confusion of having the Internet Users diverted to competitors' sites, regardless of whether such Internet Users consummate a sale with the competitor or not.

**RESPONSE:** Denied.

## BACKGROUND OF THE CLASS ACTION

21. Plaintiff Beck is headquarted in Van Nuys, California, and markets the John Beck System nationwide.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 21, and therefore denies the same.

22. The Class Members are individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, and agents) domiciled in the United States that own a mark that has been registered with the USPTO that has been sold by defendant Google as a keyword and/or an Adword during the period May 14, 2005 through the present.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to

the allegations in paragraph 22, and therefore denies the same.

23. Defendant Google has as its primary business the operation of an Internet search engine located at Google.com. Google claims to be the most popular Internet search engine available on the World Wide Web, and purports to maintain proprietary, patented software which lists websites in order of relevance to the search terms input by an internet user.

**RESPONSE:** Defendant denies the allegations of paragraph 23, except admits that Defendant

operates an Internet search engine available at http://www.google.com, that Defendant employs

proprietary software, and that Defendant's software tries to deliver search results that are

relevant to a search query.

24. An Internet search engine is a website which allows the Internet User to type in a search term, and responds with a list of websites which relate to that search term. The list is usually in order of relevance, with the most relevant websites appearing first, and are also often voluminous, often listing thousands of websites (hereafter "Search Results").

**RESPONSE:** Defendant denies the allegations of paragraph 24, except that Defendant denies

knowledge or information sufficient to form a belief as to the allegations concerning how third

party Internet search engines operate, and admits that Defendant's Internet search engine allows

Internet users to enter queries in the form of search terms or phrases and responds to those

queries by returning relevant search results.

25. The Internet is a global network of millions of connected computers which over the last ten to fifteen years has revolutionized how individuals and businesses operate and communicate. The World Wide Web is a portion of the Internet which is designed to display information visually on "websites" which are collections of connected "webpages". Websites are located and identified by their "domain names", which is the name of the website, followed by

the appellation .com or .org or .biz, etc. For example, Defendant Google's Internet search engine is located at the domain name Google.com. The Plaintiff's main website appears at "johnbecksamazingprofits.com."

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 25, and therefore denies the same, except that Defendant admits that the Internet is a global network of computers, that the World Wide Web includes web pages, that related web pages might be organized or collected into websites, that some websites and their affiliated web pages might be identified by their domain names, and that Defendant's search engine can be accessed at http://www.google.com.

26.     Among Internet Users, there are two primary ways of attempting to find the website of a particular company. First, Internet Users may guess that the website of a particular company will use the company's name or trademark as a "domain name", and input that domain name into an Internet Browser which will display the contents of such website.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 26, and therefore denies the same.

27.     The second primary way an Internet User may attempt to find the website of a particular company is to type in that company's known trademarks or name into an Internet search engine.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 27, and therefore denies the same.

28.     Google claims, and upon information and belief most Internet Users who perform searches on Google believe, that the results given by Google's Internet search engine are listed in order of relevance to the search terms input to the Search Engine, with the most relevant websites appearing first.

**RESPONSE:** Defendant denies the allegations of paragraph 28, except admits that Defendant's software tries to deliver search results that are relevant to a search query.

29.     Google offers a program called "AdWords" which allows advertisers to bid for their advertising hyperlinks to appear in response to particular search terms input by Internet Users (hereafter, "Keywords"). The advertising hyperlinks, called "Sponsored Links", appear either to the right of the Search Results, or immediately above the Search Results. A Sponsored Link is a hyperlink to the advertiser's ad, and allows the Internet User to use their mouse to

"click" on the Link, which brings the Internet User directly to the advertiser's commercial website. The advertisers pay Defendant Google based upon the number of "clicks" on these Sponsored Links. Advertisers bid for placement of their advertisements for each possible variation of a Keyword, as there is limited space on Defendant Google's Search Results Page.

**RESPONSE:** Defendant denies the allegations of paragraph 29, except admits that Defendant's AdWords program allows advertisers to select words or phrases that they want to "trigger" their advertisements, that advertisements placed through the AdWords program are plainly labeled as "Sponsored Links," that Defendant displays such Sponsored Links above or alongside natural search results, that Defendant's policies regarding trademarks can be located at http://adwords.google.com/support/bin/topic.py?topic=10615, and that some advertisers pay Defendant on a "cost-per-click" (CPC) basis.

30. Defendant AOL uses the Google Internet search engine and the Google AdWords advertising service within each such Defendant's proprietary website.

**RESPONSE:** Admitted.

31. Upon information and belief, Defendants derive significant revenue from individuals and companies who pay for sponsored links and hyperlinks using the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

32. According to Google's policy, anyone can buy Adwords and therefore show up in "Sponsored Links." For example, Trademark Holders can, and often do, bid on adwords so that their results show up in Sponsored Links. Similarly, authorized users of a Trademark (such as authorized distributors, retailers, resellers, etc.) ("Authorized TM Users"), often purchase Adwords and are listed among the Sponsored Links. In addition, competitors of Trademark Holders can also bid on Adwords and be listed among the Sponsored Links when an Internet User searches for a Trademark that has been purchased as an Adword.

**RESPONSE:** Defendant admits that Google's AdWords program allows advertisers to select words or phrases that they want to "trigger" their advertisements, and that advertisements placed through the AdWords program are plainly labeled as "Sponsored Links." Defendant admits that Defendant displays such Sponsored Links above or alongside natural search results. Defendant admits that information about the AdWords program can be found at

https://www.google.com/accounts/ServiceLogin?service=adwords&cd=null&hl=en-US&ltmpl=adwords&passive=true&ifr=false&alwf=true&continue=https%3A%2F%2Fadwords.google.com%2Fselect%2Fgaiaauth%3Fapt%3DNone%26ugl%3Dtrue and that Defendant's policies regarding trademarks can be located at http://adwords.google.com/support/bin/topic.py?topic=10615. Defendant denies the remaining allegations in paragraph 32.

33.     As a result of Google's policy, Internet Users are conditioned to expect the Sponsored Links to include Trademark Holders and authorized users of such Trademarks. Moreover, because the Authorized TM Users will often have domain names that do not include the Trademark, Internet Users searching for a particular Trademark cannot tell by looking at the domain name whether a given Sponsored Link is associated or authorized with the Trademark Holder or not. The Internet User who is searching for the Trademark Holder or an Authorized TM User is thereby duped into clicking through to a competitor's Sponsored Link.

RESPONSE: Denied.

34.     Moreover, the so-called "Sponsored Links" do not always clearly identify themselves as advertisements, and Google's layout of the ads does not conspicuously identify them as such. This is particularly true of the Sponsored Links which appear at the top of the Search Results. These ads at the top of the Search Results are designed by Google to look like part of the "non-sponsored" Search Results, and by virtue of the fact that they appear at the top of the list of Search Results, a significant portion of Internet Users are confused into thinking they are the most relevant websites on the Search Results page. In addition, because of Defendant Google's deceptive practice of calling the advertisements "Sponsored Links," a significant portion of Internet Users are confused into believing that the Sponsored Links are sponsored by the trademark owner.

RESPONSE: Denied.

35.     A number of individuals and entities (including the competitors of the Plaintiff and the Class Members) also advertise their services on the Internet, and through Google's AdWords advertising program. Many such competitors have submitted the Beck Mark (including "John Beck's") and the Class Marks as Keywords to Google either alone, or in conjunction with other words, such that when an Internet User searches on Google.com for the Beck Mark or a Class Mark the competitor's advertising Sponsored Link also appears either to the immediate right or on top of the Search Results page.

RESPONSE: Defendant admits that a number of individuals and entities advertise their services on the Internet. Defendant admits that a number of individuals and entities participate in the

AdWords program. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 35, and therefore denies the same.

36. Google utilizes an online program called a "Keyword Suggestion Tool" to suggest to one or more of Plaintiff's and Class Members' competitors that they should use the Beck Mark or Class Marks (as applicable) as a Keyword for their advertising. Google's suggestion is designed to make such competitors' advertising more successful and therefore more profitable for Google, by intercepting and diverting customers and potential customers of Plaintiff and Class Members to others.

**RESPONSE:** Denied.

37. Google's policy is that it will not remove or otherwise disable a Sponsored Link, even after receiving notice by a trademark owner that the Sponsored Link is infringing a registered trademark, unless the Sponsored Link uses the trademark in the text of the advertisement.

**RESPONSE:** Defendant admits that its policies regarding trademarks can be located at

http://adwords.google.com/support/bin/topic.py?topic=10615. Defendant denies the remaining

allegations in paragraph 37.

38. Google sells advertising using the Beck Mark and the Class Marks as Keywords for the specific purpose of intercepting consumers and customers of the Plaintiff and the Class Members and those who are specifically looking for Plaintiff or a Class Member and diverting them to their respective competitors.

**RESPONSE:** Denied.

39. Upon information and belief, Defendant Google, in cooperation with Plaintiff's and the Class Members' competitors, uses the Beck Mark and the Class Marks respectively in Google AdWords Internet advertising for several improper purposes, including the following:

    a.     Intentionally confusing and diverting potential customers who are actively looking for the Plaintiff or a Class Member to one or more competitor's websites and services;

    b.     Taking advantage of and trading upon and receiving the benefits of the goodwill and good reputation associated with the Beck Mark and the Class Marks;

    c.     Giving a competitor's goods and services appeal, credibility and marketability by association with the Plaintiff or a Class Member;

d.   Falsely indicating to potential customers that a competitor is sponsored, endorsed, affiliated with or approved by Plaintiff or a Class Member;

e.   Falsely implying that the competitor's services are as good as, or a credible substitute for, those goods and services offered by Plaintiff or a Class Member; and

f.   Hijacking the Beck Mark or a Class mark by diverting the goodwill associated with any such trademark and diverting it to Defendant Google's own benefit and the benefit of others, without authorization or compensation to the Plaintiff or Class Members.

**RESPONSE:** Denied.

40.   Defendant Google's use of the Beck Mark and the Class Marks via its AdWords advertising program does the following:

a.   causes confusion in the marketplace that a competitor's goods and services are affiliated with or otherwise approved or "sponsored" by the Plaintiff or a Class Member (as applicable);

b.   allows Defendants and Plaintiff' and Class Members' competitors to financially benefit from and to trade off of the goodwill of Plaintiff and the Class Members.

**RESPONSE:** Denied.

41.   When an Internet User searching on Defendant Google's Internet search engine for the Beck Mark or a Class Mark is presented with a Search Results Page which contains multiple Sponsored Links, Internet Users may click on one of the Sponsored Links for a competitor, believing that it is related to, or sponsored by Plaintiff or a Class Member. Even if the Internet User ultimately realizes that the website they have been taken to is not Plaintiff's or a Class Member's website or a website authorized by Plaintiff or a Class Member, the damage to Plaintiff or such Class Member has been done. A percentage of such Internet Users may either stay at the competitor's website, or may otherwise discontinue their search for Plaintiff or such Class Member because of the initial confusion. An Internet User may associate the quality of goods and services offered on such competitor's website with those offered by Plaintiff or such Class Member, and if dissatisfied with such goods or services, may ascribe such bad feelings to the Plaintiff or Class Member, thereby causing loss of goodwill, or may discontinue their search for such services entirely. Defendants profit from such infringement because they get paid for each click-through.

**RESPONSE:** Denied.

42.   Defendant Google has sold the Beck Mark and the Class Marks as Keywords, and profited thereby, with full intent and awareness of claims that such practice violates trademark laws.

**RESPONSE:** Denied.

43.     Defendant Google stated in their own prospectus as follows:

> Companies have also filed trademark infringement and related claims against us over the display of ads in response to user queries that include trademark terms. The outcomes of these lawsuits have differed from jurisdiction to jurisdiction. A court in France has held us liable for allowing advertisers to select certain trademarked terms as keywords. We have appealed this decision. We were also subject to two lawsuits in Germany on similar matters where one court preliminarily reached a similar conclusion as the court in France, while another court held that we are not liable for the actions of our advertisers prior to notification of trademark rights. We are litigating similar issues in other cases in the U.S., France, Germany and Italy. *In order to provide users with more useful ads, we have recently revised our trademark policy in the U.S. and Canada. Under our new policy, we no longer disable ads due to selection by our advertisers of trademarks as keyword triggers for the ads. As a result of this change in policy, we may be subject to more trademark infringement lawsuits. Defending these lawsuits could take time and resources. Adverse results in these lawsuits may result in, or even compel, a change in this practice which could result in a loss of revenue for us, which could harm our business.*
> (emphasis added)

**RESPONSE:**  Defendant admits that the quoted language can be found in Defendant's Form S-1/A Amended Prospectus, dated August 13, 2004, and respectfully refers the Court to that document and to Defendant's other securities filings with the Securities and Exchange Commission relating to its initial public offering of August 19, 2004 for their complete and accurate contents.

44.     By reason of the above, Defendant Google's actions are deliberate, willful and with full knowledge of the requirements of trademark law and were taken upon advice of counsel and for the purpose of its own profit by means of selling Plaintiff's and the Class Members' registered and protected trademarks, and exploiting and trading upon and diverting the benefit of the goodwill associated with Plaintiff and the Class without permission or compensation. This constitutes a willful violation of Plaintiff's and the Class Members' trademark rights.

**RESPONSE:** Denied.

45.     Internet Users who search for Plaintiff and Class Members by using the Beck Mark and the Class Marks as a search term, or in combination with other search terms, are manipulated into believing that the Sponsored Links of Plaintiff's and Class Members' competitors are related to Plaintiff or the Class Members, by their placement on the Search Results page, their appearance and similarity to the Search Results, and/or their content. Nothing

on the Search Results page communicates to an Internet User that such Sponsored Links have no relationship whatsoever to the Plaintiff or the Class Members, and are in fact paid advertisements by competitors to Plaintiff and the Class Members. Nor could Defendants provide such a communication because Defendants sell Adwords to Trademark Holders and Authorized TM Users as well as competitors. Thus, Defendants have intentionally developed a practice and policy that results in confusion as to whether the Sponsored Links are sponsored or affiliated with the Trademark Holders for the purpose of causing Internet Users to click-through the Sponsored Links to see if they are associated with the Trademark Holder for which they were searching, all to the benefit of Defendants, who collect revenue for each click-through.

**RESPONSE:** Denied.

## COUNT I

### VIOLATION OF THE LANHAM ACT - 15 USC § 1114 (1)

46. Plaintiff, on behalf of itself and each Class Member, repeats and realleges each and every allegation made above as if more fully set forth at length herein.

**RESPONSE:** Defendant hereby incorporates by reference and realleges each and every response in the foregoing Paragraphs as if fully set forth herein.

47. This Count is brought by Plaintiff in its individual and representative capacity, against all Defendants.

**RESPONSE:** Paragraph 47 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

48. Beck is the owner of the Beck Mark, which mark is a valid, enforceable trademark registered with the United States Patent and Trademark Office.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 48, and therefore denies the same.

49. The Class Members are the respective owners of the Class Marks, which marks are valid, enforceable trademarks registered with the United States Patent and Trademark Office.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 49, that "Class Members" own marks that "are valid, enforceable

trademarks registered with the United States Patent and Trademark Office," and therefore denies

the same. Defendant denies the remaining allegations of paragraph 49.

50.    Defendant Google has violated Plaintiff's and the Class Members' exclusive rights to the Beck Marks and Class Marks, respectively, and contributed to the violation of such rights by others, by using and suggesting and encouraging the use by its AdWords advertisers of the Beck Mark and Class Marks as Keywords as a means of advertising and selling the goods and services of Beck's and Class Members' competitors through Google's AdWords advertising service.

**RESPONSE:** Denied.

51.    Defendants AOL and Google have violated Plaintiff's and Class Members' exclusive rights to the Beck Mark and Class Marks, and contributed to the violation of such rights by others, by using the Google search engine and the Google AdWords advertising service within each such Defendants' proprietary website.

**RESPONSE:** Denied.

52.    Defendants' use of the Beck Marks and Class Marks constitutes a use in commerce in connection with the sale, offering for sale, distribution and advertising of goods and services, though it be for the goods and services of third parties.

**RESPONSE:** Denied.

53.    The goods and services offered by one or more of Beck's or Class Members' competitors which participated in Defendant Google's AdWords service by using the Beck Mark or Class Marks as a Keyword are substantially similar to the goods and services offered by Plaintiff or Class Members.

**RESPONSE:** Denied.

54.    Upon information and belief, Defendants' use of the Beck Mark and Class Marks causes at least some consumers actively seeking to find and do business with Beck and Class Members to be diverted to one or more Sponsored Links linking to the webpages of Beck's and Class Members' competitors Such use of the Beck Mark and Class Marks wrongfully diverts potential revenue associated with the Beck Mark and Class Marks to Defendants.

**RESPONSE:** Denied.

55.    Defendants are promoting, encouraging, enabling and profiting from Beck's and Class Members' competitors' intentional confusion and "free-riding" on Plaintiff's and Class Members' goodwill and the name recognition they enjoy in the marketplace.

**RESPONSE:** Denied.

56.     Upon information and belief, some Internet Users who search for Beck or a Class Member on Defendants' websites using the Google Internet search engine by inputting any Beck Mark or Class Mark thereafter click upon a competitor's Sponsored Link by mistake or confusion, or because they are deceived into believing it is related to the Beck Mark or Class Mark, and thereafter do not continue their search for Beck or the Class Member.

**RESPONSE:** Denied.

57.     Upon information and belief, after being diverted from their search for Beck or the Class Member, some Internet Users lose the initial "momentum" generated by the goodwill associated with the Beck Mark or Class Marks, or are otherwise presented with purchasing barriers associated with making a choice between competing providers of services, and causes Beck or Class Member to lose one of the key benefits of its Beck Mark and Class Marks.

**RESPONSE:** Denied.

58.     By reason of the above, Defendants have violated the exclusive rights of the Plaintiff and each Class Member in and to its use of the Beck Mark and the Class Marks, and have contributed to the violation of such rights by others by enabling, cooperating with, suggesting and encouraging the use of the Beck Mark and Class Marks by others, and may be held liable in a civil action under *15 U.S.C. § 1114 (1)*.

**RESPONSE:** Denied.

59.     Defendant Google's policy regarding the use of trademarks as a Keyword in association with Sponsored Links applies to the website of each Defendant insofar as each such website is utilizing the Google Internet search engine.

**RESPONSE:** Admitted.

60.     Defendant Google has refused to alter its policy permitting companies other than Beck or the Class Member, including their competitors, from using the Beck Mark and Class Marks as Keywords in association with Sponsored Links, even after due demand; therefore, its violation of Plaintiff's and each Class Member's trademark rights under the Lanham Act is a willful and intentional violation of Plaintiff's and each Class Member's exclusive rights.

**RESPONSE:** Denied.

61.     Upon information and belief, Defendant Google used and encouraged third parties to use the Beck Mark and Class Marks with the intention of benefitting from the goodwill associated with such trademarks in that such use was intended to cause confusion and to deceive potential customers, and to divert customers from Beck and each Class Member to third parties, or otherwise improperly benefit from the goodwill associated with the Beck Mark and Class Marks.

**RESPONSE:** Denied.

62. Upon information and belief, Defendant Google has deliberately altered its policy regarding trademark violations through its Internet search engine and its AdWords advertising program for the express purpose of profiting from the sale of such additional Keywords and the advertising benefit it provides to Beck's and each Class Member's competitors. This change in policy was made with the intent of increasing Defendant Google's advertising revenues.

**RESPONSE:** Denied.

63. Defendants' use in commerce of the Beck Mark and the Class Marks is likely to cause confusion, mistake, and deception.

**RESPONSE:** Denied.

64. Defendants' use of the Beck Mark and the Class Marks is likely to cause initial interest confusion among the general public.

**RESPONSE:** Denied.

65. The above-described acts of Defendants related to the Beck Mark and the Class Marks constitute trademark infringement in violation of *15 U.S.C. § 1114(1)*, entitling Plaintiff and the Class Members to relief.

**RESPONSE:** Denied.

66. Defendants have unfairly profited from the infringing actions alleged herein.

**RESPONSE:** Denied.

67. By reason of Defendants' acts, Plaintiff and the Class have suffered damage to the goodwill associated with the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

68. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its Beck Mark and the Class and their Class Marks.

**RESPONSE:** Denied.

69. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm, the general public. The general public has an interest in being free from confusion, mistake, and deception.

**RESPONSE:** Denied.

70.     By reason of Defendants' acts, Plaintiff's and the Class' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief pursuant to *15 U.S.C. §1116*.

**RESPONSE:** Denied.

71.     By reason of Defendants' willful acts, Plaintiff and the Class are entitled to damages, and that those damages be trebled under *15 U.S.C. § 1117*.

**RESPONSE:** Denied.

72.     This is an exceptional case, making Plaintiff and the Class eligible for an award of attorneys' fees under *15 U.S.C. § 1117*.

**RESPONSE:** Denied.

73.     Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**RESPONSE:** Denied.

74.     By reason of the above, Google is in violation of *15 U.S.C. § 1114 (1)* and Plaintiff and each Class Member is entitled to recover profits and damages from Defendants.

**RESPONSE:** Denied.

75.     Plaintiff and each Class Member has been damaged by Defendant's violations of their rights under the Lanham Act in an amount to be determined at trial. Plaintiff's and the Class Members' damages are irreparable and they have no adequate remedy at law.

**RESPONSE:** Denied.

<u>COUNT II</u>

**FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125 (a)**

76.     Plaintiff, on behalf of itself and each Class Member, repeats and realleges each and every allegation made above as if more fully set forth at length herein.

**RESPONSE:**     Defendant hereby incorporates by reference and realleges each and every

response in the foregoing Paragraphs as if fully set forth herein.

77.     This Count is brought by Plaintiff in its individual and representative capacities, against all Defendants.

**RESPONSE:** Paragraph 77 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

78. Defendant Google's sale of Plaintiff's Beck Mark as a Keyword to competitors of Beck constitutes a use in commerce.

**RESPONSE:** Denied.

79. Defendant Google's sale of any Class Members' Class Marks as a Keyword to competitors of any such Class Member constitutes a use in commerce.

**RESPONSE:** Denied.

80. Internet Users who search using the Beck Mark as a search term on Defendant Google's Internet search engine have a reasonable expectation that the websites and hyperlinks appearing on Defendant Google's Search Results Page are directly related to Plaintiff.

**RESPONSE:** Denied.

81. Internet Users who search using any Class Mark as a search term on Defendant Google's Internet search engine have a reasonable expectation that the websites and hyperlinks appearing on Defendant Google's Search Results Page are directly related to such Class Member.

**RESPONSE:** Denied.

82. Internet Users who view Sponsored Links, some or all of which appear to be part of the Search Results, may become confused, or deceived that Sponsored Links which link to Beck's competitor's websites may be affiliated with, connected to, or approved by Plaintiff.

**RESPONSE:** Denied.

83. Internet Users who view Sponsored Links, some or all of which appear to be part of the Search Results, may become confused or deceived that Sponsored Links which link to a Class Members' competitor's websites may be affiliated with, connected to, or approved by such Class Member.

**RESPONSE:** Denied.

84. The placement of such competing Sponsored Links in response to a search by an Internet User using the Beck Mark or a Class Mark as one or more of the search terms constitutes a false designation of origin, affiliation, connection or association of such competitor with Plaintiff or such Class Member, or a false description of origin, sponsorship or approval of the goods or services or activities of such competitor by Beck or such Class Member, and a

contribution to the false designations by others by enabling, cooperating with, suggesting and encouraging the use of the Beck Mark or Class Mark by others.

**RESPONSE:** Denied.

85. Defendants' use in commerce of the Beck Mark and the Class Marks, as alleged herein is likely to cause confusion and deception.

**RESPONSE:** Denied.

86. The above-described acts of Defendants constitute trademark infringement of Plaintiff's Beck Mark and the Class' Class Marks and false designation of origin in violation of *15 U.S.C. § 1125(a)*, entitling Plaintiff and the Class to relief.

**RESPONSE:** Denied.

87. Defendants have unfairly profited from the actions alleged herein.

**RESPONSE:** Denied.

88. By reason of Defendants' acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

89. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its Beck Mark and the Class and their Class Marks.

**RESPONSE:** Denied.

90. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

**RESPONSE:** Denied.

91. By reason of Defendants' acts alleged herein, Plaintiff's and the Class' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants.

**RESPONSE:** Denied.

92. Accordingly, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief pursuant to *15 U.S.C. § 1116*.

**RESPONSE:** Denied.

93. By reason of Defendants' willful acts, Plaintiff and the Class are entitled to damages, and those damages should be trebled under *15 U.S .C. § 1117*.

**RESPONSE:** Denied.

94. This is an exceptional case making Plaintiff and the Class eligible for an award of attorneys' fees under *15 U.S.C. § 1117*.

**RESPONSE:** Denied.

95. Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**RESPONSE:** Denied.

## COUNT III

### CONTRIBUTORY TRADEMARK INFRINGEMENT

96. Plaintiff, on behalf of itself and each Class Member, repeats and realleges each and every allegation made above as if more fully set forth at length herein.

**RESPONSE:** Defendant hereby incorporates by reference and realleges each and every response in the foregoing Paragraphs as if fully set forth herein.

97. This Count is brought by Plaintiff, in its individual and representative capacities, against all Defendants.

**RESPONSE:** Paragraph 97 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

98. Contributory trademark infringement occurs when a defendant either intentionally induces a third party to infringe the person's mark, or supplies a service or product to a third party with actual or constructive knowledge that the service or product is being used to infringe the person's mark.

**RESPONSE:** Paragraph 98 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

99. Defendants have actual knowledge, or have reason to know, of the Deceptive Trademark Practice, infringing activities, and other unlawful conduct alleged herein.

**RESPONSE:** Denied.

100. Defendants supply the illegal revenue-generating services, mechanisms, algorithms, technology and programs necessary to engage in the Deceptive Trademark Practice, through which the Defendants and third parties infringe the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

101. Defendants, on an ongoing basis, knowingly and voluntarily continue to engage in the Deceptive Trademark Practice, infringing activities, and other unlawful conduct alleged herein, in order to obtain revenue and profit, and commercial gain, despite knowledge that their activities are in direct violation of applicable federal law.

**RESPONSE:** Denied.

102. Defendants induce, cause, and/or materially contribute to the Deceptive Trademark Practice and other unlawful conduct alleged herein.

**RESPONSE:** Denied.

103. Statements or actions by Defendants directed to promoting and controlling the Deceptive Trademark Practice and other unlawful conduct alleged herein, include, but are not limited to the following:

    a.    Defendant Google states that it utilizes tools to maximize placement of "pay-per-click/cost-per-click" advertising through the Deceptive Trademark Practice on the Defendants' websites;

    b.    Defendant Google creates, designs, maintains, monitors, changes, and otherwise controls the HTML web page associated with each of the Defendants' various websites;

    c.    Defendant Google controls which advertisements appear on each of the Defendants' various websites;

    d.    Defendant Google generates substantial revenue from each of the Defendants' websites that show Google advertising;

    e.    Defendant Google collects the advertising revenue from its advertisers;

    f.    Defendant Google disperses the revenue generated from the Deceptive Trademark Practice on the Defendants' websites;

    g.    Defendant Google actively seeks, solicits, and promotes advertising through the Deceptive Trademark Practice; and

h. Defendant Google controls and directs the Internet traffic from the Defendants' websites through Defendant Google's advertising system as alleged herein.

**RESPONSE:** Denied.

104. All other Defendants participate with Defendant Google in one or more of the above-referenced illegal actions in furtherance of the Deceptive Trademark Practice.

**RESPONSE:** Denied.

105. Defendants' actions as alleged herein constitute Contributory Infringement.

**RESPONSE:** Denied.

106. Defendants' Contributory Trademark Infringement has directly and proximately injured and damaged and continues to injure and damage Plaintiff and the Class by, among other things, causing them to lose control of their business reputation, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss.

**RESPONSE:** Denied.

107. Defendants have unfairly profited from the actions alleged herein.

**RESPONSE:** Denied.

108. By reason of Defendants' acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

109. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its Beck Mark and the Class and their Class Marks respectively.

**RESPONSE:** Denied.

110. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

**RESPONSE:** Denied.

111. By reason of Defendants' acts alleged herein, Plaintiff's and the Class's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants.

**RESPONSE:** Denied.

112. Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**RESPONSE:** Denied.

## COUNT IV

### VICARIOUS TRADEMARK INFRINGEMENT

113. Plaintiff, on behalf of itself and each Class Member, repeats and realleges each and every allegation made above as if more fully set forth at length herein.

**RESPONSE:** Defendant hereby incorporates by reference and realleges each and every response in the foregoing Paragraphs as if fully set forth herein.

114. This Count is brought by Plaintiff, in its individual and representative capacities, against all Defendants.

**RESPONSE:** Paragraph 114 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

115. Vicarious infringement occurs when a defendant controls, directs, facilitates, encourages, promotes, allows, enables, or otherwise permits a third party to infringe a mark, and receives the benefit therefrom.

**RESPONSE:** Paragraph 115 states a legal conclusion to which no response is required. To the extent that a response is required to such allegations, Defendant denies all allegations of this paragraph.

116. Defendants facilitate, encourage, promote, allow, enable and otherwise permit direct infringements, and the other illegal conduct alleged herein, in the course of their respective businesses.

**RESPONSE:** Denied.

117. Defendants maintain the right, power and ability to control, edit, alter, modify and maintain the software used to effectuate the infringements and in the Deceptive Trademark Practice.

**RESPONSE:** Denied.

118.    Defendants fail to exercise their policing obligations to the fullest extent, fail to utilize and implement available filtering technologies, and otherwise have engaged in a pattern of direct and intentional misconduct, or willful blindness of their actions related to the Deceptive Trademark Practice, infringing activities, and other unlawful conduct alleged herein.

**RESPONSE:** Denied.

119.    Defendants control and participate in the supply of the illegal revenue-generating services, mechanisms, technology and programs necessary to engage in the Deceptive Trademark Practice, through which the Defendants and third parties infringe the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

120.    Defendants, on an ongoing basis, knowingly and voluntarily continue to engage in the Deceptive Trademark Practice, infringing activities, and other unlawful conduct alleged herein, in order to obtain revenue and profit, and commercial gain, despite knowledge that their activities are in direct violation of applicable federal law.

**RESPONSE:** Denied.

121.    Defendants have the primary financial interest in the exploitation of the Beck Mark and the Class Marks. Defendants are the primary beneficiaries of the infringements and illegal conduct alleged herein.

**RESPONSE:** Denied.

122.    Defendants induce, cause, and/or vicariously engage in the Deceptive Trademark Practice and other unlawful conduct, as alleged more fully herein.

**RESPONSE:** Denied.

123.    Defendants' actions as alleged herein constitute vicarious infringement.

**RESPONSE:** Denied.

124.    Defendants' vicarious infringements have directly and proximately injured and damaged and continues to injure and damage Plaintiff and the Class by, among other things, causing them to lose control of their business reputation, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss.

**RESPONSE:** Denied.

125.    Defendants have unfairly profited from the actions alleged herein.

**RESPONSE:** Denied.

126.    By reason of Defendants' acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with the Beck Mark and the Class Marks.

**RESPONSE:** Denied.

127.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its Beck Mark and the Class and their Class Marks respectively.

**RESPONSE:** Denied.

128.    Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

**RESPONSE:** Denied.

129.    By reason of Defendants' acts alleged herein, Plaintiff's and the Class' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants.

**RESPONSE:** Denied.

130.    Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**RESPONSE:** Denied.

## PRAYER FOR RELIEF

**RESPONSE:** Defendant does not believe the Prayer for Relief requires a response. Defendant denies that Plaintiff may satisfy its burden to establish all elements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, denies that Defendant is liable to Plaintiff or any class on any of the claims alleged and denies that Plaintiff or any class is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment or post-judgment interest or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (NO DAMAGE)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRD AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

Defendant has not infringed any applicable trademarks under federal or state law.

## FOURTH AFFIRMATIVE DEFENSE
## (JUSTIFICATION, PRIVILEGE)

The claims made in the Complaint are barred, in whole or in part, by the doctrines of justification and/or privilege.

## FIFTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
## (WAIVER)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (LACHES)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
### (FAIR USE)

The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use,

nominative fair use and/or descriptive use.

### TENTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate

damages, if such damages exist.

### ELEVENTH AFFIRMATIVE DEFENSE
### (INNOCENT INFRINGEMENT)

The claims made in the Complaint are barred, in whole or in part, because any infringement, if

any, was innocent.

### TWELFTH AFFIRMATIVE DEFENSE
### (CLAIMS BAR)

The claims made in the Complaint are barred, in whole or in part, to the extent that they conflict

with or are preempted by federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (FIRST AMENDMENT)

The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the

Constitution of United States, and by Article I, Section 8 of the Constitution of the State of

Texas.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (DUPLICATIVE CLAIMS)

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (FRAUD)

The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (ABANDONMENT)

The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (FUNCTIONALITY)

The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (GENERIC TERMS)

The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are generic.

## NINETEENTH AFFIRMATIVE DEFENSE
## (LACK OF SECONDARY MEANING)

The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue lack secondary meaning.

## TWENTIETH AFFIRMATIVE DEFENSE
## (MISREPRESENTATION)

The claims made in the Complaint are barred, in whole or in part, on the basis of use of a registered mark to misrepresent the source of goods or services.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (STATUTES OF LIMITATIONS)

The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (CAUSATION)

Without admitting that the Complaint states a claim, damages, if any, were not proximately or legally caused by any actions of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (THIRD-PARTY USE)

The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## (ACTIONS OF OTHERS)

The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has no control.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (STANDING)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff lacks standing.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (NO PUNITIVE DAMAGES)

Defendant alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and Texas because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Texas Constitutions; specifically, the First Amendment to the United States Constitution and Article I, § 8 of the Texas Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 3, 3a, 10, 13, 15 and 19 of the Texas Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Sections 13 and 19 of the Texas Constitution; (iv) any such award is precluded or limited pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and Texas Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
## (NO INJUNCTIVE RELIEF)

The request for injunctive relief in the Complaint should be denied because such request is inequitable, given consideration of the facts and circumstances in this matter.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (IMPROPER VENUE)

Defendant asserts that venue is improper in this Court pursuant to Fed. R. Civ. P. 12(b)(3).

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## ATTORNEYS' FEES

Plaintiff's actions make this an exceptional case under the Lanham Act and, therefore, Defendants are entitled to their attorneys' fees under the Lanham Act and any other applicable law.

## COUNTERCLAIM FOR BREACH OF CONTRACT

Contingent upon the correctness of venue of the Plaintiff's Complaint, Defendant Google Inc. counterclaims for breach of contract against Plaintiff John Beck Amazing Profits, LLC ("Beck") as follows:

## THE NATURE OF THE ACTION

1.    As part of its mission of organizing the world's information and making it accessible and useful, Google operates a popular search engine that is available free of charge to Internet users.  In conjunction with this free search engine, Google operates an advertising program called AdWords, which allows hundreds of thousands of people and businesses to promote their products and services through targeted advertising.

2.    Both Google's "organic" search results and its revenue-producing AdWords advertisements help Internet users quickly and easily access relevant information.  For example, a search for a particular product may yield links to websites of the company offering the product; retailers or repairers of that product; of competitors, who offer information about features of

comparable products, including price, that facilitate comparison shopping; maps that show where the product can be found, as well as the location of nearby businesses; videos and images featuring the product; and news, consumer reports, commentary, reviews, and criticism of the product. Of course, sometimes search results will yield links to very different products and services because sometimes words are used by multiple companies and have plain dictionary meanings, such as "delta," "sun," "target," and "tide."

3.     Lawsuits brought by trademark owners seeking to prohibit Google from retrieving information based on trademarked terms threaten to prevent Internet users from finding the most relevant information using Google. The anti-competitive philosophy motivating such suits is also contrary to trademark law, which exists to protect consumers against deception-not to grant trademark owners an inviolable monopoly on words. As the Supreme Court has long recognized: "When the mark is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth. It is not taboo." Prestonettes, Inc. v. Coty, 264 U.S. 359, 369 (1924) (Holmes, J.).

4.     Google brings this action against Beck for breaching the terms of a written contract it entered with Google. In that contract, Beck agreed to exclusive jurisdiction in the federal and state courts of Santa Clara County, California for all claims relating to Google's advertising programs, including AdWords. Beck breached this agreement by filing its Class Action Complaint in this Court against Google relating to AdWords.

## PARTIES

5.     Google Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

6.      On information and belief, John Beck Amazing Profits, L.L.C. is a California limited liability company with its principal place of business at 5805 Sepulveda Blvd., 5th Floor, Van Nuys, California 91411.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367(a).

8.      Beck has submitted to personal jurisdiction in this District by virtue of filing its lawsuit claiming infringement.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b)(1) and (c) because Beck transacts business within the district.

## FACTUAL BACKGROUND

10.     Google's search engine helps users find what they are looking for on the Internet. Users enter a term or phrase into Google's search engine, which then delivers a results page with links to websites that are relevant to the search terms according to Google's proprietary algorithm (i.e., organic search results).

11.     Google provides organic search results to Internet users free of charge. However, revenue-producing ads also appear on the organic search results page. Under Google's AdWords program, ads placed by advertisers are displayed under the heading "Sponsored Links" and relate to the particular terms and phrases entered by users into Google's search engine.

12.     Google has long used the phrase "Sponsored Links" to distinguish links that are generated otherwise than through the so-called "organic" (i.e., non-paid) search algorithm. Sponsored Links appearing on Google's search results pages are clearly labeled as such. The

Federal Trade Commission has approved of the phrase "Sponsored Links" as a preferred method for distinguishing paid placement listings from "organic" search results.

13.     In or before April 2007, Beck entered into a contract with Google ("Beck's AdWords Contract").

14.     Section 9 of Beck's AdWords Contract states that all claims relating to the AdWords Contract or to Google advertising programs, including AdWords, must be litigated exclusively in the federal or state courts of Santa Clara County, California.

15.     Section 3 of Beck's AdWords Contract states that the terms of Section 9 will survive any expiration or termination of the contract.

16.     Google has performed its duties under Beck's AdWords Contract.

17.     On May 14, 2009, Beck filed this action suit against Google and AOL LLC alleging that the AdWords program has resulted in trademark infringement under the Lanham Act, false designation of origin, contributory trademark infringement and vicarious trademark infringement, including with regard to Beck's alleged trademark, "John Beck's" (the "John Beck's Mark").  Although Beck alleges that the John Beck's Mark has trademark registration number 3,192,862, it presumably intended to reference registration number 3,192,965, not 3,192,862, which the United States Patent and Trademark Office website reflects is for the mark SAMPLE 360°.

18.     By filing the instant lawsuit against Google, Beck breached Section 9 of Beck's AdWords Contract.

19.     As a direct consequence of Beck's filing of the instant lawsuit in breach of Beck's AdWords Contract, Google has incurred economic damages, including attorneys' fees and other

costs associated with preparing to defend itself in a forum other than that agreed to by Google and Beck.

## CLAIM FOR BREACH OF CONTRACT

20.     Google realleges and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth in this paragraph.

21.     At least as early as April 2007, Beck entered into the Beck's AdWords Contract. Section 9 of that contract states that all claims relating to the AdWords Contract or to Google advertising programs, including AdWords, must be litigated exclusively in the federal or state courts of Santa Clara County, California.  Section 3 of the agreement states that the terms of Section 9 will survive any expiration or termination of the contract.

22.     Beck has breached Section 9 of the Beck's AdWords Contract, which requires that all claims be litigated in the state and federal courts of Santa Clara County, by filing the instant lawsuit on May 14, 2009.

23.     As a result of Beck's breach, Google has suffered monetary damages.  Google is entitled to recovery of damages, and such further relief as is identified below.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment against Beck as follows:

A.     For damages resulting from Beck's breach of contract;

B.     For an order awarding Google its costs and attorneys' fees; and

C.     For such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Charles L. Babcock
Charles L. "Chip" Babcock
Texas State Bar No. 01479500
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6030
(214) 953-5822- Fax
Email: cbabcock@jw.com

David T. Moran
Texas State Bar No. 14419400
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6051
(214) 661-6677 - Fax
Email: dmoran@jw.com

Carl C. Butzer
Texas State Bar No. 03545900
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-5902
(214) 661-6609 - Fax
Email: cbutzer@jw.com

ATTORNEYS FOR DEFENDANTS GOOGLE INC.
AND AOL LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2009, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, September 3, 2009.

/s/ Charles L. Babcock
Charles L. "Chip" Babcock