IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>(1)    GOOGLE, INC.; and<br>(2)    AOL, LLC<br><br>Defendants. | Civil Action No. 2:09-CV-00151 TJW-CE<br><br><br>JURY TRIAL DEMANDED |

**OPPOSED MOTION FOR LEAVE TO FILE
FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs seek leave to file a first amended class action complaint adding a named plaintiff The Rodney A. Hamilton Living Trust, ("Hamilton Trust") who will be substituting as lead plaintiff in place of John Beck Amazing Profits, LLC pursuant to Federal Rule of Civil Procedure 15(a)(2) and 15(c).

**I.    SUBSTITUTION OF THE NAMED LEAD PLAINTIFF SHOULD BE GRANTED UNDER RULE 15(C)**

"Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation. . . " *Phillips v. Ford Motor Company*, Nos. 05-8031 and 05-8032, 435 F.3d 785, 787 (7th Cir. 2006). This is true even if no motion to certify has yet been filed. *Id*. at 787.

Here, the claims of the newly added lead plaintiff and class representative, The Rodney A. Hamilton Living Trust ("Hamilton Trust"), are the same as in the original pleading. In both

complaints, the plaintiff class consists of those "individuals and/or entities domiciled in the United States that own a mark that has been registered with the United States Patent and Trademark Office ('USPTO') that has been sold by defendant Google as a keyword and/or an Adword during the period May 14, 2005 through the present." Complaint ¶ 2; Amended Complaint ¶ 2. As well, the claims against the defendants are identical. Thus, defendants are in no way prejudiced by the identical allegations in the amended pleading. See *Plubell*, 434 F.3d at 1073.

Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading to relate back when it changes the party or the naming of the party and the claim arose out of the conduct, transaction, or occurrence in the original pleading. "While Rule 15(c) as written only applies to amendments adding defendants to an action, the Advisory Committee Notes for the 1966 Amendment to *Rule 15* indicate that the rule also applies to amendments changing a plaintiff." *SMS Financial, LLC v. ABCO Homes, Inc.* 167 F.3d 235, 245 n. 29 (5th Cir. 1999); *accord*, *Plubell v. Merck & Co., Inc.*, No. 05-217, 434 F.3d 1070, 1072 (8th Cir. 2006).

Because the conduct alleged by the Hamilton Trust in the first amended complaint arises out of the same conduct, transaction or occurrence set forth in the original complaint, the claims are exactly the same in both pleadings, and the Hamilton Trust was a member of the putative class in the original complaint, defendants are not unfairly prejudiced by this amended pleading merely changing the lead plaintiff. *Plubell*, 434 F.3d at 1074. Accordingly, the Court should grant leave to file the first amended complaint and the amended pleading should be deemed to relate back to the original complaint.

## II. CONCLUSION

For the foregoing reasons, the motion for leave to file the first amended complaint adding plaintiff The Rodney A. Hamilton Living Trust and designating it as lead plaintiff and class representative should be granted and the amended complaint should relate back to the original filing date.

September 17, 2009

Respectfully submitted,

**THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC**

By: /s/ Marc A. Fenster
Larry C. Russ, CA Bar # 082760
E-mail: lruss@raklaw.com
Marc A. Fenster, CA Bar # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991

Scott M. Kline – LEAD COUNSEL
TX Bar # 11573100
E-mail: scottkline@andrewskurth.com
ANDREWS KURTH LLP
1711 Main Street, Suite 3700
Dallas, Texas  75201
Telephone:    214/659-4400
Facsimile:    214/659-4401

Harold Kip Glasscock, Jr., TX Bar # 08211000
E-mail: kipglasscock@hotmail.com
KIP GLASSCOCK, P.C.
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone:    409/833-8822
Facsimilie:    409/838-4666

David M. Pridham, RI Bar # 6625
E-mail: david@pridhamiplaw.com

LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
Telephone: 401/633-7247
Facsimile: 401/633-7247

Andrew W. Spangler, TX Bar # 24041960
E-mail: spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403

**Attorneys for Plaintiffs**
**THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on September 17, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: September 17, 2009 /s/ Marc A. Fenster
Marc A. Fenster

## CERTIFICATE OF CONFERENCE

      In compliance with L.R. CV-7(i), I certify that counsel for Plaintiffs The Rodney A. Hamilton Living Trust and John Beck Amazing Profits, LLC have conferred telephonically with counsel for Defendants Google, Inc. and AOL, LLC and state that counsel for Defendants was unable to agree to the relief requested in the motion at this time. Counsel for Plaintiffs will advise the court in the event counsel for Defendants notify Plaintiffs of a change in their position.


Dated: September 17, 2009

                                                             /s/ Marc A. Fenster
                                                               Marc A. Fenster