UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | Civil Action No. 2:09-cv-00151-TJW-CE |
| Plaintiffs, | § § | CLASS ACTION COMPLAINT |
| v. | § § | |
| (1) GOOGLE INC.; AND (2) AOL, LLC, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § § § | |

## DEFENDANTS GOOGLE INC. AND AOL LLC'S
## MOTION TO CONSOLIDATE CLASS DISCOVERY

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule CV-42, Defendants Google Inc. ("Google") and AOL LLC ("AOL") hereby move the Court to consolidate class discovery for Civil Action Number 2:09-cv-00151-TJW-CE (the "Beck Lawsuit") with Civil Action Number 2:09-cv-00142-TJW (the "FPX Lawsuit"), and would respectfully show the Court the following:

## PRELIMINARY STATEMENT

Consolidation of class discovery for the Beck Lawsuit and the FPX Lawsuit, which involve at least some common parties[1], will conserve both judicial and party resources, promote efficiency during pretrial proceedings and eliminate duplicative discovery. Moreover, consolidation of class discovery at this early stage of litigation would not cause prejudice or

---

[1] Google and AOL are defendants in both cases.

Defendants Google Inc. and AOL LLC's Motion to Consolidate Class Discovery – Page 1

Dockets.Justia.com

confusion. Thus, consolidation of these two cases for purposes of class discovery is proper and should be granted.

**PROCEDURAL BACKGROUND**

On May 14, 2009, Plaintiff John Beck Amazing Profits, LLC ("Beck"), individually and on behalf of all others similarly situated, filed the Beck Lawsuit against Google and AOL.[2] Only three days earlier, on May 11, 2009, Plaintiff FPX, LLC (d/b/a Firepond) ("FPX"), individually and on behalf of all others similarly situated, filed the FPX Lawsuit against Google, AOL, YouTube, LLC, Turner Broadcasting System, Inc., MySpace, Inc. and IAC/InterActiveCorp. Both lawsuits are pending before the Honorable Charles Everingham, and the attorneys of record for the Plaintiffs in both lawsuits are identical (i.e. Messrs. Glasscock, Kline, Pridham, Spangler, Russ and Fenster). At this time, the initial Scheduling Conference in both lawsuits is set for October 26, 2009, in the United States District Court, 100 E. Houston Street, Marshall, Texas.

The FPX Lawsuit and the Beck Lawsuit seek to certify classes of identical members save for one substantive difference – the Beck Lawsuit seeks a nationwide class while the FPX Lawsuit seeks a Texas-only class. The classes are defined by Plaintiffs as follows (differences noted in bold italics):

> Beck Amended Complaint, paragraph 2(a): "Any and all individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, and agents) ***domiciled in the United States*** that own a mark that has been registered with the United States Patent and Trademark Office ("USPTO") that has been sold by defendant Google as a keyword and/or an Adword during the period ***May 14, 2005*** through the present."

---

[2] Currently pending before the Court is Plaintiff's motion for leave to file a first amended complaint (the "Beck Amended Complaint"), which adds a named plaintiff, The Rodney A. Hamilton Living Trust.

FPX Complaint, paragraph 2(a): "Any and all individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, and agents) *domiciled in the state of Texas* that own a mark that has been registered with the United States Patent and Trademark Office ("USPTO") that has been sold by defendant Google as a keyword and/or an Adword during the period *May 11, 2005* through the present."[3]

In addition to the FPX Lawsuit's proposed class essentially being a subset of the Beck Lawsuit's proposed class, both suits allege the following causes of action:

(1)     Infringement of a Federally Registered Mark pursuant to the Lanham Act, 15 U.S.C. § 1114(1);

(2)     False Designation of Origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(3)     Contributory Trademark Infringement; and

(4)     Vicarious Trademark Infringement.

Furthermore, the allegations contained in the Class Action Complaints in the Beck Lawsuit and the FPX Lawsuit are substantially similar and often "word-for-word" identical.

Accordingly, much of the discovery for class issues in the Beck Lawsuit and the FPX Lawsuit will be similar, if not the same. As demonstrated below, it is appropriate for the Court to grant consolidation of class discovery under these circumstances.

## ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 42(a) and Local Rule CV-42, district courts may consolidate pending actions. The purpose of consolidation is to permit "convenience and economy in administration." *In re Air Crash Disaster at Fl. Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977). As the Fifth Circuit observed, a "trial court's managerial power is particularly strong and flexible in matters of consolidation" and the broad grant of authority found in Rule

---

[3] The only other minute difference – the proposed class period for the putative class in the Beck Lawsuit begins three days after the proposed class period in the FPX Lawsuit – is inconsequential.

42(a) is "applied liberally." *Id*. at 1013. In addition, a court may choose to consolidate certain segments of pending litigation, including motion practices or pretrial procedures. *Id*.; *see, e.g., Intel Corp. v. Commonwealth Scientific & Indus. Research Organisation*, 2008 WL 5378037 (E.D. Tex. Dec. 23, 2008) (consolidating trial of select issues in several pending patent infringement cases).[4] This heightened managerial capacity is particularly useful to courts in the discovery phases of complex cases such as putative class actions. *See, e.g., Yandle, et al. v. PPG Indus., Inc., et al.*, 65 F.R.D. 566, 568 (E.D. Tex. 1974) (noting the court had consolidated a non-class action with a class action for discovery purposes before ultimately denying class certification).[5] As demonstrated herein, the consolidation of class certification discovery in the Beck Lawsuit and the FPX Lawsuit would promote and serve the goals of Rule 42(a).

In general, consolidation is found to be proper when efficiency would be promoted. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Assn. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Courts in the Eastern District of Texas have weighed a variety of factors in determining whether consolidation is appropriate, including:

(1)     Whether there are common issues of law or fact;

(2)     Whether there are common parties;

(3)     Whether efficiency would be promoted;

(4)     Whether consolidation would cause undue prejudice; and

---

[4] *See also Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007) (concluding that "because the suits are both in their nascent stages and have common parties and allegations, the court consolidates them for discovery purposes"); *Magnavox Comp. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) (noting that Rule 42(a) "contemplates consolidation for purposes of particular segments of the litigation, such as pre-trial proceedings"); *TFS Elec. Mfg. Servs., Inc. v. Topsearch Printed Circuits*, 2008 WL 45396, at *2 (D. Ariz. Jan. 2, 2008) (holding that consolidation of the actions into one suit for purposes of conducting discovery "will benefit the Court and the parties by leading to an early dispute resolution procedure, avoiding duplication of discovery, and minimizing costs").

[5] *See also In re Shell Oil Refinery v. Shell Oil Co.*, 136 F.R.D. 588, 590 (E.D. La. 1991) (noting the court had consolidated thirty-four opt-out suits with the class action suit for discovery purposes on the issues of liability and punitive damages).

(5)     Whether consolidation would create the potential for confusion.

*See Intel Corp.*, 2008 WL 5378037 at *5 (considering whether consolidation of the damages portion of cases for trial would cause unnecessary confusion, undue prejudice and inefficiency); *White v. Vanderbilt Mortgage & Fin.*, 2008 WL 394086 (E.D. Tex. Feb. 11, 2008) (ordering consolidation where the cases shared common parties, common questions of fact and law, and would avoid unnecessary cost and delay); *Farris v. Clanton et al.*, 2006 WL 2401109 (E.D. Tex. Aug. 15, 2006) (consolidation proper for two cases filed only 12 days apart, named the same defendants, and concerned the same issues).  As applied to the pending Beck Lawsuit and FPX Lawsuit, many of the above factors weigh in favor of consolidation.

First, much of the discovery for the class issues in the Beck Lawsuit and the FPX Lawsuit will be similar, if not identical.  As summarized above, Plaintiffs in the FPX Lawsuit and Beck Lawsuit both seek to certify a nearly identical class – one nationwide and one Texas-only – in order to pursue the same allegations in support of four of the same causes of action. While the fact issues of each putative class member are anticipated to vary widely and, in Defendants' view, should (among other reasons) ultimately preclude class certification, consolidated class discovery makes sense here.

Second, there is an overlap of parties between the two lawsuits.  *See St. Bernard*, 712 F.2d at 989 (the parties in each pending lawsuit need not be identical, and "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation.").  Although the named plaintiffs are different, the scope of class certification sought in the FPX Lawsuit (Texas-only) is essentially subsumed by the scope of the class certification sought in the Beck Lawsuit (nationwide).  Moreover, Defendants Google and AOL are defendants in both lawsuits.  This commonality of parties makes consolidation for class certification discovery appropriate.  *See Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50-

51 (5th Cir. 1981) (upholding a trial court's consolidation of two suits filed less than two months apart that had a common defendant in each suit, with other disparate parties).

Third, consolidating these cases for purposes of class certification would achieve Rule 42(a)'s purpose of promoting efficiency and preserving resources. Specifically, consolidation will minimize costs and avoid duplication of discovery efforts; permit common briefing and hearing schedules regarding discovery disputes, if any; and allow the Court to supervise and resolve matters efficiently by, among other things, eliminating the need for the Court to consider similar arguments more than once.

Finally, any claims of prejudice or confusion purportedly wrought by consolidation are unfounded. Here, each case is in the earliest stage of pretrial proceedings. Answers have been filed in both cases, and the scheduling conference – set to occur in both cases on the same date – is imminent. No deadlines have been set in either case. Thus, no prejudice or confusion will result if these cases are consolidated for the limited purpose of class certification discovery.

In sum, all of the factors to be considered in determining whether consolidation is appropriate support the granting of this Motion. Therefore, Google and AOL respectfully request that the Court consolidate the Beck Lawsuit and FPX Lawsuit for the limited purpose of class discovery.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Google Inc. and AOL LLC respectfully request that the Court grant this Motion and consolidate class discovery for the Beck Lawsuit, Civil Action Number 2:09-cv-00151-TJW-CE, with the FPX Lawsuit, Civil Action Number 2:09-cv-00142-TJW, and for any additional relief to which the defendants may be justly entitled.

Respectfully submitted,


/s/ Charles L. Babcock

CHARLES L. "CHIP" BABCOCK
Texas State Bar No. 01479500
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6030
(214) 953-5822- Fax
Email: cbabcock@jw.com

DAVID T. MORAN
Texas State Bar No. 14419400
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6051
(214) 661-6677 - Fax
Email: dmoran@jw.com

CARL C. BUTZER
Texas State Bar No. 03545900
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-5902
(214) 661-6609 - Fax
Email: cbutzer@jw.com

ATTORNEYS FOR DEFENDANTS GOOGLE INC.
AND AOL LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants Google Inc. and AOL LLC have conferred with counsel for Plaintiffs John Beck Amazing Profits, LLC and FPX, Inc. on October 13, 2009, regarding the merits of the foregoing Motion and state that counsel for Plaintiffs oppose the relief requested in the Motion. It is therefore presented to the Court for determination.

Certified this 22nd day of October, 2009.


/s/ Charles L. Babcock
Charles L. Babcock

## CERTIFICATE OF SERVICE

I hereby certify that on October 22nd, 2009, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, October 22nd, 2009.

/s/ Charles L. Babcock

Charles L. Babcock