IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>(1)    GOOGLE, INC.; and<br>(2)    AOL, LLC<br><br>                Defendants. | Civil Action No. 2:09-CV-00151 TJW-CE<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS GOOGLE, INC. AND AOL LLC'S MOTION TO CONSOLIDATE CLASS DISCOVERY

Plaintiffs The Rodney A. Hamilton Living Trust and John Beck Amazing Profits, LLC, individually and on Behalf of All Others Similarly Situated ("Plaintiffs"), submit this opposition to the motion made by Defendants Google, Inc. and AOL LLC, to consolidate class certification discovery in this case with *FPX, LLC v. Google, Inc., YouTube, LLC, AOL LLC, Turner Broadcasting System, Inc., MySpace, Inc. and IAC/Interactive Corp.*, Case No. 2:09-cv-00142 ("FPX Class Action").

### PRELIMINARY STATEMENT

Defendants' motion seeking consolidation of class certification discovery in the present case with class certification discovery in the FPX Class Action is all but moot in light of the Court's orders at the recent status conference where, with the parties' agreement, the Court ruled that:

1. Discovery is coordinated for both the present case and the FPX Class Action;

2. Discovery obtained in each case is usable in the other; and

3. The ordered limits on discovery globally apply to both cases.

The Court's orders were appropriate given the overlap between the two cases; however, in recognition that certification issues in the two cases remain distinct, the Court appropriately ordered two separate certification hearings for the same day.

Consolidation of the present case with the FPX Class Action is not warranted because there are issues in the FPX Class Action unique to it being a Texas class, namely, whether a class limited to Texas residents should be certified to maintain an action which includes claims of common law trademark violation and unjust enrichment under Texas law. Consolidation is not warranted because the FPX Class Action is not merely a subset of the instant action, where Plaintiffs seek to certify a nationwide class for causes of action which do not include common law trademark violation and unjust enrichment.

The issues with which Defendants were apparently concerned — they filed their motion before the recent status conference — have since been dealt with through coordination of discovery as described above.

## I. BACKGROUND.

On May 11, 2009, FPX, LLC ("FPX") (doing business as "FirePond") filed a class action on behalf of itself and all other similarly situated, seeking to certify a class of "Any and all individuals and/or entities (excluding governmental entities, Defendants, and Defendants' parents, predecessors, subsidiaries, affiliates, and agents) domiciled within the state of Texas that own a mark that has been registered with the United States Patent and Trademark Office ("USPTO") that has been sold by defendant Google as a keyword and/or an Adword during the period May 11, 2005 through the present."

Unlike the present class action, filed on May 14, 2009 against Google, Inc. and AOL LLC, the FPX Class Action asserts state law claims for common law trademark violation and unjust enrichment, and does not seek to certify a nationwide class. Moreover, most of the six defendants in the FPX Class Action are not defendants here, *i.e.*, YouTube, LLC, Turner Broadcasting System, Inc., MySpace, Inc. and IAC/Interactive Corp. Thus, parties to both

actions are more different than they are alike. (Only defendants Google, Inc. and AOL LLC are common to both cases.)

In spite of these differences, Defendants move to consolidate class discovery in the two cases. On the afore-mentioned facts, and as shown below, the Court should deny Defendants' motion and leave the cases coordinated for purposes of class certification discovery, but not consolidate them.

II.   **ARGUMENT.**

Pursuant to Rule 42(g) of the Federal Rules of Civil Procedure, courts may consolidate civil actions when they involve "a common question of law or fact." *F.R. Civ. P. 42(a)*. "Federal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514 (5th Cir. 1993). While the "purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudication," the district court should weigh the savings of time and effort against inconvenience, delay or expense and prejudice. *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.,* 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999). Furthermore, even where two cases share common questions of law and fact, consolidation may properly be denied where the cases are led by different plaintiffs and not all of the defendants are the same. *Marliere v. Village of Woodridge*, 1996 U.S. Dist. LEXIS 11562, **3-4 (N.D. Ill. August 12, 1996). Where consolidation is not appropriate because of a difference in the parties, or otherwise, overlapping issues can be addressed, and duplicative discovery can be avoided by agreement of the parties, and/or by a court order "providing, that relevant discovery taken in [one case] may be used as discovery in [the other]. *Id.*

Here, although the present case shares some common questions of law and fact with the FPX Class Action, the FPX Class Action and its proposed class are not mere "subset[s]" of the instant case and proposed class. This assertion by Defendants is simply untrue given that the FPX Class Action has two additional claims based on Texas law. Indeed, the question of whether a class limited to Texas residents should be certified to maintain an action which

includes claims of common law trademark violation and unjust enrichment under Texas law is different than the question of whether to certify a nationwide class. Further, the only commonality in the parties is with two defendants: Google, Inc. and AOL LLC — the plaintiffs are different in both cases, and the FPX Class Action has four defendants who are not named in the present case. Any one, much less all, of these differences supports this Court's exercise of its discretion to deny consolidation.

Moreover, as was done by the Northern Illinois District Court in *Marliere*, this Court has already provided a means to deal with what are overlapping issues in both cases, and to avoid the expense and inconvenience of resulting duplicative discovery, by making orders at the recent status conference that discovery for both cases is coordinated, that discovery obtained in each case may be used in the other, and by globally applying Plaintiffs' proposed limits on discovery to both cases. These orders have essentially made moot Defendants' motion to consolidate class discovery.

## III.  CONCLUSION.

For the foregoing reasons, Defendants' motion to consolidate discovery in this case with discovery in the FPX Class Action should be denied.  The Court's orders have already addressed the concerns of overlapping issues and avoidance of duplicative discovery.

November 6, 2009                                        Respectfully submitted,


By: /s/ *Marc A. Fenster*
Marc A. Fenster, CA Bar # 181067
E-mail: mfenster@raklaw.com
Larry C. Russ, CA Bar # 082760
E-mail: lruss@raklaw.com
Raquel Vallejo, CA Bar # 186667
E-mail: rvallejo@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:     310/826-6991

Scott M. Kline – LEAD COUNSEL
TX Bar # 11573100
E-mail: scottkline@andrewskurth.com
ANDREWS KURTH LLP
1711 Main Street, Suite 3700
Dallas, Texas  75201
Telephone:    214/659-4400
Facsimile:     214/659-4401

Harold Kip Glasscock, Jr., TX Bar # 08211000
E-mail: kipglasscock@hotmail.com
KIP GLASSCOCK, P.C.
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone:    409/833-8822
Facsimile:     409/838-4666

David M. Pridham, RI Bar # 6625
E-mail: david@pridhamiplaw.com
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
Telephone:     401/633-7247
Facsimile:      401/633-7247

Andrew W. Spangler, TX Bar # 24041960
E-mail: spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:     903/753-9300
Facsimile:      903/553-0403

**Attorneys for Plaintiffs**
**THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 6, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: November 6, 2009                          /s/ *Marc A. Fenster*
                                                               Marc A. Fenster