UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated, | § § § § § § | Civil Action No. 2:09-cv-00151-TJW-CE |
| Plaintiffs, | § § | CLASS ACTION COMPLAINT |
| v. | § § | |
| (1) GOOGLE INC.; AND (2) AOL LLC, | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

### DEFENDANTS GOOGLE INC. AND AOL LLC'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CONSOLIDATE CLASS DISCOVERY

Defendants Google Inc. ("Google") and AOL LLC ("AOL") present this Reply Brief in Support of Their Motion to Consolidate Class Discovery and would respectfully show the Court the following:

### PRELIMINARY STATEMENT

Defendants' motion (to consolidate class *discovery*)[1] merely proposes a means by which the Court and the parties can manage these cases more efficiently. The common sense of this proposal was recognized by the Court at the outset of October 26 Scheduling Conference for the combined cases, when the Court asked: "Somebody tell me why I shouldn't consolidate these cases for discovery purposes and class – dealing with the issues of certification." (Scheduling Conference Transcript, p.3, ln. 20-22).

---

[1] In their Opposition Brief, Plaintiffs twice appear to mischaracterize the instant Motion as seeking the "[c]onsolidation of the present case with the FPX Action." (Plaintiff's Opposition Brief, p.2).

Defendants Google Inc. and AOL LLC's Reply Brief in Support of Their Motion to Consolidate Class Discovery – Page 1

Plaintiffs' response fails to provide the Court with such a reason. Indeed, Plaintiffs fail to articulate any prejudice, inconvenience, expense, delay or possible confusion of any kind that would result from consolidation of class discovery. Given the identical nature of Plaintiffs' allegations and the overlap of claims, parties and even counsel, the benefits of consolidation to both the Court and the parties are readily apparent.

## ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 42(a) and Local Rule CV-42 specifically provide for consolidation of class discovery under precisely the situation presented here. However, it remains unclear why Plaintiffs continue to resist it. In their Opposition Brief, Plaintiffs essentially agree that the parties and the claims overlap. Plaintiffs' Opposition Brief, p.2. To be sure, it would difficult for Plaintiffs to argue otherwise, given that the allegations in the Complaints for each respective case often are word-for-word identical. Moreover, no matter how finely Plaintiffs try to parse their cases, the Texas putative class (in FPX) is plainly a subset of the national putative class. Indeed, FPX – as well as virtually all of the other tens of thousands of putative class members in the FPX case – also would be members of the putative class in Beck.

Plaintiffs' argument appears to boil down to two differences between the cases: (1) the Texas putative class action asserts two state-based claims, and (2) not every defendant is common to both cases. These contentions ignore the fact that the two state-based claims are based on the same alleged conduct. Plaintiffs also do not take into account that, under Fifth Circuit law, the fact that the parties are not identical is not sufficient to avoid consolidation. *See St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Assn. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th

Cir. 1983).[2] Simply stated, the trivial "differences" identified by Plaintiffs do not impact, much less outweigh, the practical benefits to be gained from consolidation of class discovery. Finally, Plaintiffs do not even attempt to demonstrate why consolidation is inappropriate, prejudicial or could somehow cause confusion.[3]

### CONCLUSION

In sum, consolidation for the limited purpose of class discovery is a matter of convenience and efficiency to the Court and the parties. Plaintiffs have identified no reason to deny consolidation and the amorphous concept of "coordination" may needlessly leave open potential avenues for disagreement as to what is required by the parties under those circumstances. Therefore, Defendants Google Inc. and AOL LLC respectfully request that the Court grant their Motion and consolidate class discovery for the Beck Lawsuit, Civil Action Number 2:09-cv-00151-TJW-CE, with the FPX Lawsuit, Civil Action Number 2:09-cv-00142-TJW, and for any additional relief to which the defendants may be justly entitled.

---

[2] Plaintiffs rely on *Marliere v. Village of Woodridge*, 1996 U.S. Dist. LEXIS 11562, *2 (N.D. Ill. Aug. 12, 1996). In that case, the court found it significant that one plaintiff claimed to have been discriminated against for a full two years prior to the time that was relevant in the case of the other plaintiff.

[3] Defendants' Motion to Consolidate set forth the factors to be considered for consolidation in the Eastern District of Texas, as follows: (1) Whether there are common issues of law or fact; (2) Whether there are common parties; (3) Whether efficiency would be promoted; (4) Whether consolidation would cause undue prejudice; and (5) Whether consolidation would create the potential for confusion. Defendants' Motion p. 4-5 (citing authorities).

Respectfully submitted,

/s/ Charles L. Babcock
CHARLES L. "CHIP" BABCOCK
Texas State Bar No. 01479500
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6030
(214) 953-5822- Fax
Email: cbabcock@jw.com

DAVID T. MORAN
Texas State Bar No. 14419400
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6051
(214) 661-6677 - Fax
Email: dmoran@jw.com

CARL C. BUTZER
Texas State Bar No. 03545900
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-5902
(214) 661-6609 - Fax
Email: cbutzer@jw.com

ATTORNEYS FOR DEFENDANTS GOOGLE INC.
AND AOL LLC

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2009, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, November 16, 2009.

    /s/ Charles L. Babcock
    Charles L. Babcock