IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>(1)    GOOGLE, INC.; and<br>(2)    AOL, LLC<br><br>                Defendants. | Civil Action No. 2:09-CV-00151 TJW-CE<br><br>JURY TRIAL DEMANDED |

**ANSWER BY COUNTER-DEFENDANT JOHN BECK AMAZING PROFITS, LLC TO GOOGLE, INC.'S COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff and Counterclaim Defendant John Beck Amazing Profits, LLC ("Beck"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Google, Inc.'s ("Google") Counterclaim to Plaintiffs' First Amended Class Action Complaint, as follows:

1.    Beck admits the allegations of Paragraph 1 that "Google operates a popular search engine that is available for free of charge to Internet users" and that "In conjunction with this free search engine, Google operates an advertaising program called Adwords." Beck lacks sufficient information to form a belief as to the remaining allegations of Paragraph 1 and denies them on that basis.

2.    Beck admits the allegations of Paragraph 2 that "a search for a particular product may yield links to websites of the company offering the product; retailers or repairers of that product; of competitors" and alleges that other unauthorized information may also be yielded. Beck lacks sufficient information to form a belief as to the remaining allegations of Paragraph 2 and denies them on that basis.

3. To the extent the allegations in paragraph 3 are other than legal conclusions (which require no response), denied.

4. To the extent the remaining allegations in paragraph 4 are other than legal conclusions (which require no response), denied.

5. Admitted.

6. Admitted.

7. Admitted as to jurisdiction of the Court over Google's Counterclaim. Denied as to the merits of Google's Counterclaim.

8. Admitted.

9. Admitted.

10. Beck admits the allegations of Paragraph 10 that "Users enter a term or phrase into Google's search engine, which then delivers a results page with links to websites," some of which Beck alleges are relevant, some of which Beck alleges are not. Beck denies the remaining allegations of Paragraph 10.

11. Beck admits the allegations of Paragraph 11 that "revenue producing ads also appear on the organic search results page" and that "under Google's AdWords program, ads placed by advertisers are displayed under the heading 'Sponsored Links'. . . ." Beck denies the allegations of Paraph 11 that "[ads placed by advertisers] relate to the particular terms and phrases entered by users into Google's search engine." As to the remaining allegations of Paragraph 11, Beck lacks sufficient information to form a belief and denies them on that basis.

12. Beck denies the allegations of Paragraph 12 that "Sponsored Links appearing on Google's search results pages are clearly labeled as such" and alleges that in, fact, Sponsored Link's appearing on Google's search results pages also include information that is confusing to users. Beck lacks sufficient information to form a belief as to the remaining allegations of Paragraph 12 and denies them on that basis.

13. Beck admits that he entered into an agreement with Google. The remaining allegations of Paragraph 13 are denied.

14. Denied.

15. Denied.

16. Denied.

17. Beck admits the allegations in Paragraph 17 that "On May 14, 2009, Beck filed this action suit against Google and AOL LLC alleging trademark infringement and vicarious trademark infringement, including with regard to Beck's . . . trademark, 'John Beck's,'" against Google and Defendant AOL LLC. Beck further admits the allegation that "the United States Patent and Trademark Office reflects [3,192,862] is the mark for SAMPLE 360°." Beck denies the allegations that "Although Beck alleges that the John Beck's Mark has trademark registration number 3,192,862, it presumably intended to reference registration number 3,192,965, not 3,192,862." Beck adds the allegation that it intended to reference registration number 3,192,865 as the John Beck's Mark. Beck lacks sufficient information to form a belief as to the remaining allegations of Paragraph 17 and denies them on that basis.

18. Denied.

19. Denied.

20. In response to allegations in Paragraph 20 of Google's Counterclaim that incorporate by reference paragraphs 1 through 19 of Google's Counterclaim, Beck hereby incorporates by reference and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

21. Beck admits that he entered into an agreement to utilize Google's AdWords services. The remaining allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

## PRAYER FOR RELIEF

24. Beck denies that Google is entitled to any of the relief requested in the Counterclaim.

## AFFIRMATIVE DEFENSES

25. The Counterclaim fails to state a claim upon which relief can be granted.

26. Some or all of the claims and relief sought by Google in the Counterclaim are barred by one or more of the doctrines of unclean hands, laches, waiver, and/or estoppel.

27. Google could have mitigated the alleged damages and failed to effectively mitigate its damages. For this reason, Google is barred, in whole or in part, from recovering alleged damages from Beck.

28. Google is barred from any recovery on its claims because any damages are offset by Beck's claims against Google.

29. Beck reserves the right to raise additional defenses.

November 30, 2009

Respectfully submitted,

/s/ Marc A. Fenster
Marc A. Fenster, CA Bar # 181067
Email: mfenster@raklaw.com
Raquel Vallejo, CA Bar # 186667
Email: rvallejo@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Attorneys for Plaintiffs
THE RODNEY A. HAMILTON LIVING
TRUST and JOHN BECK AMAZING
PROFITS, LLC, Individually and on Behalf of
All Others Similarly Situated

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 30, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: November 30, 2009                /s/ Marc A. Fenster
                                        Marc A. Fenster