UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated, | § § § § § | Civil Action No. 2:09-cv-00151-TJW-CE |
| Plaintiffs, | § § | CLASS ACTION COMPLAINT |
| v. | § § | |
| (1) GOOGLE, INC.; AND (2) AOL, LLC | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## AGREED PROTECTIVE ORDER

Disclosure and discovery activity in this action and in *FPX, LLC v. Google Inc. et al.*, Civil Action No. 2:09-cv-00142-TJW-CE (the "Litigation") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial and/or motions, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

### I. INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in the Litigation may be labeled as one of the following: CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, as set forth below. These categories of information shall be identified collectively in this Order by the title

"Protected Information." The protections conferred by this Order cover not only Protected Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations that might reveal Protected Information.

A. **INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party (including without limitation, any of the parties' parents, affiliates and/or subsidiaries) producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential technical, sales, marketing, financial, or business information, other commercially sensitive information, or AdWords account information of the named plaintiffs, however embodied, that has been so designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this Litigation may be used only for purposes of this Litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4. Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate

the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the Receiving Party.

    5.    The following information is not CONFIDENTIAL INFORMATION:

    a.    Published advertising materials;

    b.    Any information that the Receiving Party can show is or, after its disclosure to a Receiving Party, has become part of the public domain as a result of publication not involving a violation of this Order;

    c.    Any information that the Receiving Party can show was publicly known prior to the disclosure; and

    d.    Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

    6.    Documents designated CONFIDENTIAL and information contained therein shall be available only to:

    a.    Four (4) in-house counsel with responsibility for managing this Litigation, two (2) employees in a party's legal department necessary to assist them in this Litigation (i.e. clerical staff or paralegals), and one (1) employee of a party who either has responsibility for making decisions dealing directly with the Litigation or who is assisting outside counsel in preparation for proceedings in this action who have signed the form attached hereto as Attachment A.

    b.    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

    c.    Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 9 – 14 herein, and who have signed the form attached hereto as Attachment A;

d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors.

**B.   INFORMATION DESIGNATED AS CONFIDENTIAL ATTORNEYS' EYES ONLY**

7. The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data or information, AdWords account information of putative class members, or other commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.  Documents marked CONFIDENTIAL OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated CONFIDENTIAL ATTORNEYS' EYES ONLY.  In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

8. Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to the categories of persons identified in paragraphs 6(b)-(e), above, and: Two (2) in-house counsel with responsibility for managing this

Litigation and two (2) employee in a party's legal department necessary to assist them in this Litigation (i.e. clerical staff or paralegals), with the prior written consent of the Producing Party, who have signed the form attached hereto as Attachment A.

**C. DISCLOSURE OF TECHNICAL ADVISERS**

9. Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this Litigation may be furnished and disclosed to the Receiving Party's technical advisers and their necessary support personnel. The term "Technical Adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and who complies with paragraph 10.

10. No disclosure of Protected Information to Technical Advisers or their necessary support personnel shall occur until each Technical Adviser has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraph 12, that objection is resolved as discussed below.

11. A party desiring to disclose Protected Information to a Technical Adviser shall also give prior written notice to the Producing Party, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a Technical Adviser must provide the following information for each Technical Adviser: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

12. A party objecting to disclosure of Protected Information to a Technical Adviser shall state with particularity the ground(s) of the objection and the specific categories of

documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a Technical Adviser shall not be unreasonably withheld.

13. If after consideration of the objection, the party desiring to disclose the Protected Information to a Technical Adviser refuses to withdraw the Technical Adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the seven (7) business day period shall operate as an approval of disclosure of the Protected Information to the Technical Adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

14. The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Information to its Technical Adviser.

D. **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

15. The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

16. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that

the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the Designating Party.

17. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

E. **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

18. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this Litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

19. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

    a. A present or former director, officer, employee of a Producing Party, may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b. A Technical Adviser of a Producing Party who complies with paragraphs 9 – 14 of this Order may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party.

c. Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a Producing Party which document appears on its face to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

20. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected

Information or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

21. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this Litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

22. Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this Litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

23. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.

Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

24. Where Protected Information is used at trial, it is the burden of the Party that intends to utilize the Protected Information to make arrangements with the Court to ensure that the Protected Information remains confidential.

F. **NONPARTY USE OF THIS ORDER**

25. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Order.

26. A nonparty's use of this Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

G. **NO WAIVER OF PRIVILEGE**

27. Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If, in connection with the pending Litigation, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege, doctrine, right, or immunity ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege, doctrine, right, or immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter. A Disclosing Party may assert in writing the attorney-client privilege, attorney work product protection, or other privilege, doctrine, right, or immunity claimed with respect to Disclosed Protected

Information. The Receiving Party shall, within five (5) business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed. Within five (5) business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

## II. MISCELLANEOUS PROVISIONS

28. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

29. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The Producing Party shall notify the receiving parties after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.

Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

30. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no party or person is required to delete information that may reside on the respective party's or person's electronic back-up systems, including email archive systems, that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product that refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only. If a party destroys Protected Information, the destruction must be by means satisfactory to the Producing Party, and the party must provide a Certificate of Destruction to the Producing Party.

31. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other

request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

32. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

33. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

34. The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this Litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record as a result of publication not involving a violation of this Order. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this Litigation. All disputes concerning Protected Information produced under the protection of this

Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

35. Document discovery concerning testifying experts shall be limited to the final versions of their expert reports, materials relied upon, and their invoices for work performed. Testifying experts' draft reports, notes, and communications with counsel will not be subject to document discovery, except to the extent relied upon by the expert in the final version of his or her report(s). The foregoing does not restrict discovery by oral deposition, and does not obligate any party to retain draft reports.

AGREED:

/s/ Marc A. Fenster
Marc A. Fenster, CA Bar # 181067
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991
Email: mfenster@raklaw.com

ATTORNEYS FOR JOHN BECK AMAZING PROFITS, LLC AND THE RODNEY A. HAMILTON LIVING TRUST


/s/ Charles L. Babcock
Charles L. "Chip" Babcock
Texas State Bar No. 01479500
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6030
(214) 953-5822- Fax
Email: cbabcock@jw.com

David T. Moran
Texas State Bar No. 14419400
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6051
(214) 661-6677 - Fax
Email: dmoran@jw.com

Carl C. Butzer
Texas State Bar No. 03545900
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-5902
(214) 661-6609 - Fax
Email: cbutzer@jw.com

ATTORNEYS FOR DEFENDANTS GOOGLE INC. AND AOL LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FPX, LLC d/b/a FIREPOND, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 2:09-cv-00142-TJW-CE |
| Plaintiff, | § § | CLASS ACTION COMPLAINT |
| v. | § § | |
| GOOGLE, INC., YOUTUBE, LLC, AOL, LLC, TURNER BROADCASTING SYSTEM, INC., MYSPACE, INC. AND IAC/INTERACTIVECORP, | § § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

| | | |
|---|---|---|
| THE RODNEY A. HAMILTON LIVING TRUST and JOHN BECK AMAZING PROFITS, LLC, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 2:09-cv-00151-TJW-CE |
| Plaintiffs, | § § | CLASS ACTION COMPLAINT |
| v. | § § | |
| (1) GOOGLE, INC.; AND (2) AOL, LLC | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

CONFIDENTIALITY AGREEMENT

I reside at _____.

My present employer is _____.

1.　　My present occupation or job description is _____.

2.  I have read the Agreed Protective Order dated _____, 2009, and have been engaged as _____ on behalf of _____ in connection with one or both of the litigation styled *FPX, LLC d/b/a Firepond v. Google Inc., et al.* and *Beck v. Google Inc., et al.* (the "Litigation").

3.  I am fully familiar with and agree to comply with and be bound by the provisions of said Agreed Protective Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES information are to be returned to counsel who provided me with such material.

4.  I will not divulge to persons other than those specifically authorized by said Agreed Protective Order, and will not copy or use except solely for the purpose of this Litigation, any information obtained pursuant to said Agreed Protective Order, except as provided in said Agreed Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Agreed Protective Order.

5.  In accordance with paragraph 11 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and a listing of cases in which I have testified as an expert at trial or by deposition within the preceding four (4) years.

6.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20\_\_.

_____